IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**RICKY SHANNON PIERCE**                                                              **PETITIONER**

**V.**                                                                  **NO. 4:16-CV-95-DMB-JMV**

**EARNEST LEE; and JIM HOOD**                                                         **DEFENDANTS**

# ORDER

Ricky Shannon Pierce, proceeding *pro se*, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction for sexual battery in the Circuit Court of Coahoma County, Mississippi. Having considered the submissions of the parties, the state court record, and the law applicable to Pierce's claims, the Court finds that the petition should be denied.

## I
## Background Facts and Procedural History

### A. Indictment and Trial

On December 5, 2011, Pierce was indicted for engaging in oral sexual intercourse without consent. Doc. #11-1 at 6–7. On May 7, 2012, the indictment, on motion of the State of Mississippi, was amended by order of the Circuit Court of Coahoma County, Mississippi, to charge Pierce as a habitual offender under Mississippi law. *Id*. at 33–34.

At a two-day trial, the State of Mississippi presented evidence showing:

The victim in this case, H.H.,[1] was a twenty-four year old male who lived with his parents at their home in Clarksdale, Mississippi, at the time the crime at issue took place. Doc. #11-3 at 5–6, 27. Pierce met H.H. at a restaurant where Pierce worked. Doc. #11-2 at 138.

---

[1] Though mention of his mental state was excluded at trial, H.H. is mildly mentally disabled. Doc. #11-2 at 46–56. This Court refers to the victim by his initials to protect his privacy.

According to Pierce, H.H. asked Pierce to be his friend on Facebook and, on July 9, 2011, H.H. telephoned Pierce. Doc. #11-3 at 49–50. During the telephone conversation, Pierce told H.H. that he would come to his house so that they could speak in person. *Id*. at 50. Pierce drove to H.H.'s home and parked on the street a few houses away from the residence where H.H. lived with his parents. Doc. #11-2 at 144–45. Shortly after midnight, Clarksdale Police Department Patrol Officer Romeisha Moore responded to a call on a suspicious vehicle, which was later identified to be Pierce's car. *Id*. at 141, 143–44. Officer Moore had called a tow truck when Pierce approached her and offered to move his vehicle. *Id*. at 144, 146. Pierce, who appeared nervous and was sweating heavily, informed Moore that he was just visiting a friend and did not know exactly where the friend lived when he parked. *Id.* at 145. Officer Moore recognized that Pierce and another male had been sitting on the lawn of H.H.'s address before Pierce approached her. *Id*.

According to H.H., when Pierce came to his home around midnight, he came out to talk to Pierce even though he was not allowed to be out at that time. Doc. #11-3 at 28, 33. He stated that the two went to the back of his house, where Pierce kissed him in the mouth and licked his "Johnny Bug," the victim's name for his penis. *Id*. at 29, 36. H.H. stated that Pierce also licked his bellybutton, and that Pierce tried to put H.H.'s foot in his mouth. *Id*. at 29. H.H. testified that he did not give Pierce permission to do these things and told him to stop. *Id*. at 30. He stated that he was frightened, and that when the police came, he ran to his father's vehicle and stood by it until Pierce left. *Id*. at 30, 38. H.H. reported the incident to his parents the next morning. *Id*. at 30.

Clarksdale Police Detective Corporal Nicholas Turner investigated the incident. Doc. #11-3 at 4. Through subpoenaed phone records, he determined that Pierce and H.H. had

numerous phone conversations. *Id*. at 19–20. He discovered that phone calls were made after midnight on the night of the incident lasting for eighteen seconds, sixty-one minutes, twenty-seven minutes and thirteen seconds, one and a half minutes, six seconds, sixteen and a half minutes, and four minutes, respectively. *Id*. at 23. There were also six phone calls before midnight on the night of the incident lasting thirty seconds, nine and a half minutes, twenty-seven seconds, twenty-six seconds; sixteen seconds, and forty-nine and a half minutes, respectively. *Id*. at 24–25.

### B. Verdict and Appeal

At the close of trial, the jury found Pierce guilty of sexual battery. Doc. #11-3 at 96. Because Pierce had been indicted as a non-violent habitual offender pursuant to Miss. Code Ann. § 99-19-81, following the guilty verdict, the State presented evidence of Pierce's two prior convictions for obtaining a controlled substance by fraud. Doc. #11-3 at 101–105. Thereafter, Pierce was sentenced as a non-violent habitual offender to serve a thirty-year term of imprisonment in the custody of the Mississippi Department of Corrections. Doc. #11-3 at 114; *see also* Doc. #11-1 at 70–72.

Pierce appealed his conviction with the assistance of newly-retained counsel,[2] raising as the sole appeal issue whether "[t]he trial court erred in denying the defendant's motion for directed verdict, peremptory instruction, and for judgment notwithstanding the verdict, as there was a complete failure of proof as to lack of consent." Doc. #11-5 at 13–35. Pierce's conviction and sentence were affirmed on appeal. *Pierce v. State*, 135 So.3d 206 (Miss. Ct. App. 2014), *reh'g denied*, October 28, 2014; *see also* Doc. #10-1. The Mississippi Supreme Court denied Pierce a writ of certiorari. *Pierce v. State*, 158 So.3d 1153 (Miss. 2015); *see also* Doc.#10-2.

---

[2] *See* Doc. #11-4 at 40, 80, 83–84, 86.

Pierce, proceeding *pro se*, filed in the Mississippi Supreme Court an application for leave to file a motion for post-conviction relief. Doc. #11-6. Pierce's motion for post-conviction relief asserted four grounds for relief: (1) his counsel was ineffective; (2) he was not granted a competency hearing; (3) the State failed to prove the elements of sexual battery; (4) the indictment failed to "set out or to assert the elements of sexual battery;" and (5) the trial court failed to instruct the jury on the elements of sexual battery.

The Mississippi Supreme Court denied Pierce's application, holding, in pertinent part:

> Petitioner now alleges that he was deprived of effective assistance of counsel at trial, that he was improperly denied a competency hearing, that he was improperly charged with sexual battery, that his indictment was defective, and that the jury was improperly instructed.
>
> We find that the issues raised by Petitioner lack sufficient merit to warrant an evidentiary hearing. The Application for Leave to File Motion for Post Conviction Collateral Relief is not well taken and should be denied.

Doc. #10-3 (internal citation omitted).

### C. This Petition

On or about May 12, 2016, Pierce filed the instant habeas petition. Doc. #1. On June 8, 2016, United States Magistrate Judge Jane M. Virden issued an order directing the State to respond to the petition before August 8, 2016. Doc. #5. On July 5, 2016, the State answered Pierce's petition. Doc. #10. Pierce filed a traverse on August 15, 2016. Doc. #12.

## II
## Procedurally Barred Claims

Pierce's petition raises five grounds for relief: "(1) deprived of effective assistance at trial (2) that he was improperly denied a competency hearing (3) that he was denied or improperly charged with sexual battery (4) that his indictment was defective and (5) that the jury improperly was instructed." Doc. #1 at 3.

4

In its response, the State interpreted Pierce's third and fourth grounds as raising the same issue and, therefore, responded to Pierce's petition as raising four grounds:

Ground One: Ineffective Assistance of Counsel:

 A. Failure to challenge the charge and indictment;
 B. Failure to seek a competency hearing;
 C. Failure to object to improper jury instructions by the trial court;
 D. Failure to file motions for a preliminary hearing or a speedy trial;
 E. Failure to adequately investigate witnesses; and
 F. Appellate counsel's failure to file motions for rehearing or certiorari.

Ground Two: Petitioner was denied a competency hearing.

Ground Three: Petitioner was improperly charged with sexual battery because of an alleged lack of evidence of penetration, resulting in an illegal indictment.

Ground Four: Improper jury instructions that failed to set forth the statutory elements.

Doc. #10 at 5.

In its response, the State argues that Pierce has "defaulted the ineffective assistance of counsel claims in Ground One (B), (C), (D), (E), and (F) and this Court is now precluded from reviewing the claims." Doc. #10 at 7. In his traverse, Pierce concedes that Ground One (D)[3] and Ground One (F) were not raised before the Mississippi Supreme Court. Doc. #12 at 2. Pierce further concedes that it "would be futile to try and return to the state court to exhaust these claims" and "prays that this Honorable Court will strike these two claims from the instant petition and move on his other claims that are exhausted." *Id*.

## A. Exhaustion and Procedural Default

"Under 28 U.S.C. § 2254(b)(1), federal habeas petitioners must fully exhaust remedies available in state court before proceeding in federal court. To satisfy this requirement, a habeas

---

[3] In his traverse, Pierce utilizes the same numbering used in the State's response. The Court will do the same.

petitioner must have fairly presented the substance of his claim to the state courts." *Ward v. Stephens*, 777 F.3d 250, 257–58 (5th Cir. 2015) (internal quotation marks omitted). "If a claim is ... unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court." *Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). If, however, the "claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright." *Id*. "Procedural default occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (internal alterations and quotation marks omitted).

### B. Analysis

There is no dispute that Pierce did not raise any ineffective assistance of counsel claims on direct appeal. Furthermore, Mississippi laws bars successive motions for post-conviction collateral relief after entry of an "order dismissing the petitioner's motion or otherwise denying relief ...." Miss. Code Ann. § 99-39-23(6). Accordingly, any ineffective assistance claims not presented to the Mississippi Supreme Court in a motion for post-conviction relief will be deemed procedurally defaulted.[4]

#### 1. Ground One (B): Failure to Seek a Competency Hearing

A review of the state court record demonstrates that while Pierce did not list counsel's

---

[4] The United States Supreme Court has recognized that a court may consider a procedurally defaulted claim when the petitioner has made "a showing of cause and prejudice to excuse the default" or when "the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). Pierce has made no such showing here.

failure to seek a competency hearing as a discrete claim of ineffective assistance of counsel, he argued that the trial court failed to conduct a competency hearing that "[d]efense counsel was incompetent in failing to make the motion for [a competency] hearing and examination in light of the nature of the charges made." Doc. #11-6 at 28. Therefore, this claim is exhausted.

### 2. Ground One (C): Failure to Object to Improper Instructions

In his post-conviction application, Pierce argued that "[t]he Court failed to render an instruction to the jury which set out the statutory elements which the state must prove in order to sustain a conviction for the offense of sexual battery." Doc. #11-6 at 33. He did not, however, argue counsel's ineffectiveness with regard to this claim. Because a claim for ineffective assistance of counsel is distinct from an independent constitutional claim, the Court concludes that Pierce failed to exhaust this ground and that the claim is procedurally defaulted. *See Hernandez Gonzalez v. Quarterman*, No. 06-CA-354, 2006 WL 3098776, at *12 n.43 (W.D. Tex. Oct. 30, 2006) ("He did not specifically complain about this matter in state court in the context of ineffective assistance of appellate counsel, and thus he failed to exhaust that particular complaint."); *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009) ("The brief does mention the pertinent conduct of the prosecutor, but it does so in the context of ineffective assistance allegations, not in the context of a prosecutorial misconduct claim.").

### 3. Ground One (E): Failure to Adequately Investigate and Obtain Medical Records

The Court has reviewed Pierce's state court submissions and has found no passage which would have provided fair notice of an ineffective assistance claim based on failure to investigate. Accordingly, this claim is procedurally barred.

### 4. Summary

Pierce's claims identified as Ground One (C), (D), (E), and (F) are procedurally barred

7

from federal habeas review.

## III
## Exhausted Claims

### A. Ground One (A): Ineffective Assistance of Counsel – Failure to Challenge Charge and Indictment

Pierce argues his trial counsel rendered ineffective assistance in failing to challenge the charge and indictment against him. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a petitioner "show both that counsel rendered deficient performance and that counsel's actions resulted in actual prejudice." *Rhoades v. Davis*, 852 F.3d 422, 431 (5th Cir. 2017). To establish deficient performance, the petitioner must show that, "in light of the circumstances as they appeared at the time of the conduct, counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms." *Id*. at 431–32 (internal quotation marks omitted). "To demonstrate prejudice …, [the petitioner] must show counsel's deficient performance was so serious as to deprive him of a fair trial, a trial whose result is reliable. This requires the showing of a reasonable probability that but for counsel's deficiencies, the result of the proceeding would have been different." *Id*. at 432 (internal alterations, quotation marks, and footnotes omitted).

On habeas review, the issue for the reviewing court is not whether the *Strickland* standard is met, but rather, whether the state court's decision that *Strickland* was not met warrants relief under AEDPA standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Accordingly, when a *Strickland* claim has been rejected on its merits by a state court, a petitioner "must demonstrate that it was necessarily unreasonable for the [state] Supreme Court" to rule as

it did in order to obtain federal habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Pierce claims he was improperly charged with sexual battery under Miss. Code Ann. § 97-3-95(1) because there was no evidence of penetration. He claims his attorney should have objected to the charge based on the lack of evidence. Doc. #1 at 20. The sexual battery statute, Miss. Code Ann. § 97-3-95(1), states:

> A person is guilty of sexual battery if he or she engages in sexual penetration with:
>
> (a) Another person without his or her consent;
> (b) A mentally defective, mentally incapacitated or physically helpless person;
> (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
> (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

The statutory definition of "sexual penetration" provides:

> "Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.

Miss. Code. Ann. § 97-3-97(a).

H.H. testified at trial that Pierce licked his penis. The Mississippi Supreme Court has recognized that "proof of skin to skin contact between a person's mouth, lips, or tongue and the genitalia of a person's body, whether by kissing, licking, or sucking, is sufficient proof of 'sexual penetration.'" *Hennington v. State*, 702 So.2d 403, 408 (Miss. 1997). Therefore, the allegation that the sexual penetration element was not met is without merit under the law, and counsel did not render ineffective assistance for failing to raise the objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.").

Moreover, in his motion for a directed verdict, counsel did lodge an objection challenging

the evidence regarding penetration. Doc. #11-3 at 42–43. The trial court rejected the argument and denied the motion. *Id.* at 43–44. Accordingly, the Court finds that counsel did not fail to raise this issue, and Pierce has not demonstrated that the rejection of this argument under a proper application of existing law resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, or that it resulted in a decision based on an unreasonable determination of facts in light of the evidence presented.

**B. Ground Two and Ground One (B): Claims Related to Lack of Competency Hearing**

Pierce claims the trial court should have held a competency hearing in this case, as his competency issues were "reasonably clear from the nature of the charges." Doc. #1 at 19. He also alleges trial counsel rendered ineffective assistance in failing to seek a competency hearing.

"[T]he standard for competence to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks omitted). Mississippi Uniform County and Circuit Court Rule 9.06 governs competency hearings in Mississippi courts and provides in pertinent part:

> If before or during trial the court, of its own motion or upon motion of an attorney, has reasonable ground to believe that the defendant is incompetent to stand trial, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with § 99-13-11 of the Mississippi Code Annotated of 1972.

In his petition, Pierce asserts that a "Notice of Criminal Disposition" for a prior offense, which was provided to his trial counsel in discovery, demonstrates that he suffers from a mental illness. Doc. #12 at 6, 10. Pierce alleges that counsel knew he was having trouble communicating with Pierce and should have investigated Pierce's mental illness. *Id.* at 7.

10

The "Notice of Criminal Disposition" cited by Pierce and attached as an exhibit to his traverse indicates only that certain unspecified psychological or psychiatric conditions were attached to his sentence for obtaining a controlled substance by fraud. *See* Doc. #12 at 10. At most, this shows that Pierce suffers from an unknown psychological or psychiatric malady. It does not establish a reasonable ground to believe that, at the time of trial, Pierce was incompetent. *See generally Mays v. Stephens*, 757 F.3d 211, 216 (5th Cir. 2014) ("A defendant can be both mentally ill and competent to stand trial.").

Next, while it is true Pierce's counsel sought to withdraw based on Pierce's refusal to cooperate, nothing in the motion suggests that his counsel had any reason to believe the lack of cooperation was due to incompetency. Indeed, there is no evidence in the record to suggest that Pierce was incapable of cooperating with counsel or assisting in his defense. In short, there is no evidence in the record from which to reasonably question Pierce's competency. Pierce's conclusory allegation to the contrary fails to raise a constitutional issue. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Additionally, inasmuch as there is no merit to his claim that he should have had a competency hearing, Pierce cannot sustain an ineffective assistance of counsel claim based on counsel's failure to seek one. *See, e.g, Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1999) (noting where underlying issue is without merit, ineffective assistance claim must fail). Therefore, Pierce has not demonstrated that the rejection of this claim meets the AEDPA standards for relief.

### C. Ground Three: Improper Charge

Pierce alleges that his indictment was illegal, as there was no evidence of sexual penetration to support a charge of sexual battery. The Court has already determined that Pierce's act of licking the victim's penis qualifies as sexual penetration under Mississippi law. *See* Miss.

11

Code Ann. § 97-3-97; *Hennington*, 702 So.2d at 408. Accordingly, Pierce was properly charged and indicted under Mississippi law.

### D. Ground Four: Insufficient Jury Instruction

Pierce asserts that the jury was not instructed of the statutory elements that the State must prove in order to sustain a conviction for sexual battery. Doc. #1 at 22. Although not argued in his petition, based on Pierce's state court motion for post-conviction relief, it appears Pierce bases this contention on the fact that instruction C-20, a consent instruction with the elements of sexual battery, was not stamped as given by the state clerk. *See* Doc. #11-6.

Under the AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n. 11 (5th Cir. 2001).

In Mississippi, "it is fundamental error to fail to instruct the jury of the essential elements of a crime." *Reddix v. State*, 731 So.2d 591, 592 (Miss. 1999) (internal quotation marks omitted). Accordingly, in denying Pierce's motion for post-conviction relief, the Mississippi Supreme Court implicitly found that the jury was properly instructed on the elements of the charged crime. This implicit finding is entitled to a presumption of correctness which has not been rebutted here. *Valdez*, 274 F.3d at 948.

While it is true that C-20 was not stamped as given, the "Clerk's Papers" from the proceedings reflect that C-20 was given. Furthermore, beyond the lack of a stamp, nothing in the record suggests that the instruction, which was agreed to by both parties, was not given. Neither party objected to the absence of the consent instruction. Under these circumstances, the Court

concludes that Ground Four must be rejected as a basis for habeas relief. *See generally*, *Hardaway v. Withrow*, 305 F.3d 558, 564 (6th Cir. 2002) ("Unwilling to suspend the exercise of its common sense, the Michigan Court of Appeals gave the obvious answer: the transcript notwithstanding, the trial judge had not given the jury a new and different instruction on manslaughter.").

## IV
## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this action.

## V
## Conclusion

For the reasons herein, it is **ORDERED** that Pierce's petition for a writ of habeas corpus is **DENIED**. A certificate of appealability is **DENIED**. A separate final judgment will issue.

**SO ORDERED**, this 12th day of May, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**